IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| SAMIR SALEH, § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. _____ |
| § | |
| DOVER ARTIFICIAL § | |
| LIFT SYSTEMS, LLC, § | |
| *Defendants.* § | JURY TRIAL DEMANDED |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**SAMIR SALEH**, Plaintiff in the above numbered and styled cause, files his Original Complaint complaining of **DOVER ARTIFICIAL LIFT SYSTEMS, LLC[1]**, Defendant herein, and in support thereof shows this Court as follows:

1. This is a suit in law and in equity, authorized and instituted pursuant to Section 1981 of the Civil Rights Acts of 1866, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"). The jurisdiction of this Court is invoked to secure the protection of and redress the deprivation of rights secured by these laws protecting people such as the Plaintiff from employment discrimination, including but not limited to a

---

[1] Defendant Dover Artificial Lift Systems, LLC recently changed its name to Apergy ESP Systems, LLC

hostile work environment and termination, based on race (Arab/Egyptian) and national origin (Egypt).

## Venue

2. Venue is proper in the U.S. District Court for the Western District of Texas Midland Division. Venue in this Court is provided for in any district in which the private employer of the person maintains a place of business pursuant to 28 U.S.C. § 1391(b). A substantial part, if not all, of the cause of action accrued or arose in the Western District of Texas. Defendant maintains sufficient business contacts within the counties comprising the Midland Division. Furthermore, the Plaintiff resided within the Midland Division during the pertinent time in question.

## Parties

3. Samir Saleh ("Samir") is a United States citizen and is currently a resident of Texas, and was a Texas resident during the time in question. At all times material hereto, Samir was an employee of Defendant, as understood and defined by Title VII and Section 1981.

4. Dover Artificial Lift Systems, LLC ("Dover") is a corporation. It may be served with this lawsuit by serving its registered agent for service of process, Corporation Service Company D/B/A CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, TX 78701. At all times material hereto, Defendant was Sumir's employer, as understood and defined by Title VII and Section 1981.

**Facts[2]**

5. Samir began his employment with Dover as an Account Manager (Sales) on or about October 17, 2016 and was unlawfully terminated on or about March 30, 2017.

6. Soon after being hired Samir's supervisor Mr. Duane Bullock (Caucasian American) began to call Samir discriminatory names like "terrorist" or "my little Egyptian". Mr. Bullock would continue to call Samir racially insensitive names up until the day he unlawfully terminated Samir. Indeed, Mr. Bullock continued to make discriminatory comments about Samir even after Samir was terminated.

7. Multiple employees heard Mr. Bullock's discriminatory name calling toward Samir but turned a blind eye to his racist behavior.

8. Samir would later learn from a coworker that Mr. Bullock did not want to hire Samir in the first place, as it was Mr. Bullock's boss (Daniel Tesfamacael, African from Africa) who had made the decision to hire Samir.

9. On or about January 2017, Mr. Bullock moved Samir from the position of Account Manager for sales to Account Manager for the "application" section and then moved Samir once again to the "quotes" section of Dover. Although Samir was hired for sales, Mr. Bullock intentionally set him up for failure by moving him to different departments, without the training or proper support for him to succeed. The next two employees hired as Account Manager's, in

---

[2] These facts are by no means exhaustive.

the sales division of Dover, were Caucasian Americans. Mr. Bullok's ultimate goal was to have an all-white sales team.

10. On or about February/March 2017, during the course of a meeting with other employees, Mr. Bullock made the comment, "You don't want anyone to think that you are a terrorist." Samir would later find out that right around the time this "terrorist" commend was made, Mr. Bullock was sarcastically joking with other employees that he was scared to fire Samir because he was afraid Samir would "blow the place up." Mr. Bullock also stated that Samir was worthless and hoped he would go back to Egypt. Samir's national origin was a constant topic of conversation with Mr. Bullock when he spoke to other employees.

11. Samir was unlawfully terminated on or about March 20, 2017, by Mr. Bullock. Mr. Bullock based Samir's termination on mistakes that were made by another employee who was a Caucasian American. Said employee was not terminated as was Samir who did nothing wrong. Samir explained to Jennifer Dowling (Caucasian American, HR) that he was not the one who made the alleged mistakes, but Ms. Dowling disregarded Samir's explanation and Samir was summarily terminated.

12. Dover's discriminatory actions were willful.

## CAUSES OF ACTION

13. Plaintiff hereby incorporate all facts stated in the preceding paragraphs as if set forth fully herein.

**Race and National Origin Discrimination under Section 1981 and Title VII**

14. Defendant has intentionally discriminated against Plaintiff in violation of

Section 1981 and Title VII based on race (Arab/Egyptian) and national origin (Egypt), engaged in a hostile work environment based on race and national origin, and terminated Plaintiff due to his race and national origin.

## DAMAGES

15. Plaintiff seeks actual damages, including but not limited to lost wages and benefits.

16. As a result of Defendant's intentional, discriminatory and unlawful acts described above, Plaintiff has suffered and continues to suffer actual damages and compensatory damages including but not limited to mental anguish, humiliation, emotional distress and damage to his professional reputation, all to his detriment and compensable at law. Plaintiff also sues for the recovery of punitive damages as authorized by statute.

17. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this action for preliminary and permanent injunction is the only available means of securing adequate relief. Plaintiff presently suffers and will continue to suffer irreparable injuries from Defendant's policies, practices, customs, and usages set forth herein.

18. The effect, purpose and intent of the policies and practices pursued by Defendant has been and continues to be to limit, classify, and willfully discriminate against employees on the basis of their race, national origin and otherwise adversely affect their status as employees because of same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court advance this cause on the docket, order a speedy trial at the earliest practicable date and cause this case in every way to be

expedited and upon such hearing to:

i. Grant Plaintiff a preliminary and permanent injunction enjoining Defendant, its agents and employees and those acts from continuing to maintain the policies, practices, customs or usages which discriminate against Plaintiff because of race and national origin, or otherwise deprive Plaintiff of his rights and privileges secured by Federal Law.

ii. Grant Plaintiff a declaratory judgment that the practices, policies, customs and usages complained of herein are violative of his rights protected by Section 1981 and Title VII.

iii. Order the Defendant to grant Plaintiff additional equitable, actual and compensatory relief, requiring said Defendant to make Plaintiff whole, including but not limited to promotions, back pay and front pay including all accrued interest, insurance benefits, pension benefits, bonuses, vacation benefits, sick leave, and other incidental benefits that attach to and were incidental to Plaintiff's employment with Defendant and incidental to each such position sought by Plaintiff, as authorized by statute.

iv. Order the Defendant to pay Plaintiff compensatory damages.

v. Order the Defendant to pay punitive damages.

vi. Order front pay for Plaintiff, who has been discharged, in lieu of reinstatement, if reinstatement is not feasible.

vii. Grant an Order restraining Defendant from any retaliation against Plaintiff for participation in any form in this action.

viii. Grant Plaintiff his costs incurred herein, and as part of such costs, reasonable

Attorneys' fees and Expert witness fees and such further, additional or alternative relief and affirmative action orders as may appear equitable and just.

                                  Respectfully submitted,

By:   /S/ Ashok Bail
       ASHOK BAIL
       The Bail Law Firm, PLLC
       STATE BAR #24043541
       3120 Southwest Freeway, Suite 450
       Houston, Texas 77098
       (832) 216-6693 (Tel)
       (832) 263-0616 (Fax)
       ashok@baillawfirm.com

OF COUNSEL:

CRAIN, CATON & JAMES, P.C.
By: *s/ Juliann H. Panagos*
JULIANN H. PANAGOS
State Bar No. 06861100
Federal ID No. 9083
Five Houston Center
1401 McKinney Street,
Suite 1700
Houston, Texas  77010
Telephone:  713-658-2323
Facsimile:  713-658-1921
Email:jpanagos@craincaton.com

HESSAM PARZIVAND
STATE BAR #24071157
10701 Corporate Dr.
Suite 185
Stafford, Texas 77477
(713) 533-8171 (Tel)
(713) 533-8193 (Fax)
hp@parzfirm.com

Of Counsel:
THE PARZIVAND LAW FIRM, PLLC

ATTORNEYS FOR PLAINTIFF

7